McCARTHY, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, November 15, 1904.**

1. **PERSONAL INJURIES: Damages: Future Pain: Instruction: Assumption.** In an action for damages for personal injuries, an instruction which authorized the jury, in case of a verdict for plaintiff, to consider in assessing his damages such pain of body or mind as the plaintiff "has suffered or will suffer by reason of his injuries or directly caused thereby" was not open to the objection that it assumed the plaintiff would have future suffering.

2. ———: ———: ———: ———: **Conjectural Pain.** Neither is the charge open to the objection that it leaves the jury to award damages for conjectural pain which might possibly be suffered.

3. ———: ———: ———: **Future Earnings.** An instruction framed in the same way with reference to the loss of future earnings is likewise unobjectionable, where there was evidence to support a finding of such loss.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

The court erred in giving plaintiff's instruction 3 defining the measure of damages as follows: "If the jury find for the plaintiff, they should assess his damages at such sum as they believe from the evidence will be a fair compensation to the plaintiff. (a) For the pain of body and mind that plaintiff has suffered, or will suffer, by reason of his injuries, and directly caused thereby. (b) For any loss of earnings, if any, that he has suffered, or will hereafter suffer, by reason of said injury and directly caused thereby, if you find

from the evidence that plaintiff will suffer any such loss." The above instruction is in three divisions. The first and second make a complete instruction taken together, so also do the first and third. An instruction should not assume as true a controverted fact. Minnier v. Railroad, 167 Mo. 99, 66 S. W. 1072; Day v. Railway, 81 Mo. App. 471; 1 Joyce on Damages, sec. 91; Streng v. Brewing Co., 64 N. Y. Supp. 34, 7 Am. Neg. Rep. 650; Schwend v. Transit Co., 80 S. W. 40; Maimone v. Railroad, 68 N. Y. Supp. 1073; Wheeler v. Boone, 106 Iowa 235, 78 N. W. 909; Collins v. City of Janesville, 99 Wis. 464, 75 N. W. 88; McBride v. Railway (Minn.), 75 N. W. 231; LaFave v. City of Superior (Wis.), 80 N. W. 742.

*S. P. Bond* for respondent.

GOODE, J.—Action for damages for an injury to the plaintiff's foot and ankle in alighting from a street car, caused by the premature starting of the car. Only one point is made here and that is against the instruction on the measure of damages. We see nothing wrong with that instruction. Defendant's counsel insist the jury were not required to find the plaintiff would suffer pain in the future as the condition of awarding damages for future pain but that, instead, the court told them he would have future suffering. The instruction conveys no such meaning. The court did not tell the jury the plaintiff would suffer pain, but left that to be found by them. The charge in this case is free from any infirmity due to leaving it to the jury to award damages for conjectural future pain which might possibly be suffered; as it allowed damages for only such pain as plaintiff will suffer. An instruction precisely like it was approved by the Supreme Court in Cobb v. Railroad, 149 Mo. 135, 50 S. W. 310. As to the allowance for damages for future earnings, the criticism is that the instruction did not require the jury

to find loss of future earnings or that the plaintiff would sustain any such loss. This criticism is no more just than the one we have noticed; in fact, is precisely identical with it. There was testimony to show the plaintiff would be disabled in future. He testified that his foot still hurt him and that he could not use it like he could his other foot, and that its condition interfered with his getting employment. There is much profitless chaffering over instructions on the measure of damages. In the present instance the assignment is plainly not well taken and the judgment is affirmed. All concur.